**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUZANNE DOS SANTOS PAIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SHARON & CRESCENT UNITED CREDIT UNION,<br><br>Defendant. | Case No. 1:24-cv-12954-GAO |

**ORDER GRANTING**
**UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**

This matter is before the Court for consideration of Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Service Award. The Court, being duly advised, now finds that the Motion should be, and hereby is, **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:**

1. The proposed class action Settlement of this case, which the Court is finally approving by separate order, creates a Settlement Fund of $725,000.00 for the Settlement Class Members.

2. As the Court has found in its separate order approving the Settlement, the settlement is a fair, reasonable, and adequate compromise of the claims of the Settlement Class Members.

3. The Settlement, and the benefits it provides to the Settlement Classes, is the product of the work and skill of Class Counsel and the Settlement Class Representative in prosecuting this Action to a fair resolution.

4. Class Counsel is experienced in complex litigation and has prosecuted this case diligently and competently. They have done so on a contingent basis, meaning that they bore the risk of never being compensated for their efforts had the litigation been resolved in Defendant's favor. In addition, in prosecuting this Action, Class Counsel advanced the usual costs and expenses involved in litigation, including filing fees and expert fees, which again they risked never being reimbursed for had the litigation been resolved in favor of Defendant. This case was of a complex nature, involving novel issues relating to banking practices and processes along with specialized procedural issues such as class certification. Both Class Counsel and counsel for Defendant are skilled lawyers in their respective specialties, and the settlement is the result of arm's-length negotiations between skilled adversaries with the assistance of a third-party neutral mediator.

5. The Settlement Class Representative was also critical to attaining the benefits achieved for the absent Settlement Class Members, for without her efforts, there would be no case and, therefore, no settlement. Settlement Class Representative participated in the litigation and expended time to acquire the benefits of the Settlement for thousands of other people who were not required to exert any efforts or stay apprised of the litigation.

6. Before the Court now are the requests that, from the Settlement Fund, and in recognition of the substantial benefits provided by the Settlement, Class Counsel be awarded attorneys' fees and costs and that the Settlement Class Representative be granted a Service Award.

7. The Court finds that under the percentage-of-the-recovery method under the common fund doctrine, a fee award of 33.33% of the Settlement Amount is appropriate, fair, proper, and reasonable. This amount constitutes $241,642.50.

8. As set forth in the Memorandum submitted in support of the unopposed motion, the following factors all favor awarding the requested fee: the risks of continued litigation, the novelty

and complexity of the case, the significant benefit conferred, and the skill and experience of Class Counsel. The 33.33% amount is also consistent with fees customarily awarded to Class Counsel and in similar bank fee litigation across the country.

9. The Court also finds that reimbursement to Class Counsel of costs in the amount of $28,186.23 is warranted, as those expenses are reasonable litigation expenses.

10. The Court finds that payment of a Service Award in the amount of $5,000.00 to the Settlement Class Representative is fair and reasonable and promotes the public policy of encouraging individuals to undertake the responsibility of representative lawsuits for the benefit of the public. The Settlement Class Representative participated in the litigation and achieved an exceptional result for the Settlement Classes, which justifies the requested amount.

11. The Court also finds that payment of the costs of the Settlement Administration Expenses in the amount of $45,369.75 to the Settlement Administrator is warranted, as the amount involved is reasonable and necessary to effectuate the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

12. The Court awards to Class Counsel attorneys' fees to be paid from the Settlement Fund in the amount of $241,642.50.

13. The Court awards to Class Counsel reimbursement of reasonable and necessary litigation costs to be paid from the Settlement Fund in the amount of $28,186.23.

14. The Court approves and awards a Service Award to Plaintiff as Settlement Class Representative to be paid from the Settlement Fund in the amount of $5,000.00.

15. The Court approves and awards the Settlement Administration Expenses to the Settlement Administrator to be paid from the Settlement Fund in the amount of $45,369.75.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

**IT IS SO ORDERED.**

/s/ George A. O'Toole, Jr.
Hon. Judge George A. O'Toole Jr.

This 8th day of October 2025.